| | |
|---|---|
| **DISTRICT COURT, ARAPAHOE COUNTY, STATE OF COLORADO**<br>Arapahoe County Justice Center<br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: November 3, 2021 3:43 PM<br>FILING ID: 144D51F3F13E4<br>CASE NUMBER: 2021CV31648 |
| **Plaintiff:**<br>DAVE ARAGON<br><br>v.<br><br>**Defendant:**<br>LOWE'S HOME CENTERS, LLC | ▲ COURT USE ONLY ▲ |
| **Attorney for Plaintiff:**<br>Eric B. Ballou, #40163<br>THE FRICKEY LAW FIRM, P.C.<br>940 Wadsworth Boulevard, Suite 400<br>Lakewood, Colorado 80214<br>Telephone:   303.237.7373<br>Fax Number: Declined for Service<br>E-mail:       Declined for Service | Case No.:   2021CV031648<br><br>Division:    15 |
| **FIRST AMENDED COMPLAINT AND JURY DEMAND** | |

Plaintiff, Dave Aragon, by and through counsel, Eric B. Ballou of THE FRICKEY LAW FIRM, P.C., hereby submits the following *First Amended Complaint and Jury Demand* against the above-named Defendant:

## JURISDICTION AND VENUE

1.   Plaintiff Dave Aragon ("Plaintiff") is a resident of the State of Colorado.

2.   Upon information and belief, Defendant Lowe's Home Centers, LLC ("Defendant") is a foreign limited liability company organized and existing under the laws of the State of North Carolina and conducting business in the State of Colorado with a principal office street address of 1000 Lowe's Blvd., Mooresville, NC 28117. The registered agent for Defendant Lowe's Home Centers is Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

3. Defendant allegedly committed a tort in Arapahoe County, State of Colorado, providing this Court with personal and subject matter jurisdiction over Defendant and this case.

4. Venue in this Court is proper pursuant to C.R.C.P. 98(c) because the alleged tortious conduct and alleged injuries, harms, and losses giving rise to this *Complaint and Jury Demand* occurred in Arapahoe County, State of Colorado.

## GENERAL ALLEGATIONS

5. This matter arises from a slip-and-fall at Lowe's Home Improvement Store #2419 located at 5095 S. Santa Fe Drive, Littleton, Colorado 80120 (the "Premises").

6. The fall occurred on Friday, December 6, 2019 at approximately 10:00 a.m. at Lowe's Home Improvement Store #2419 located at 5095 S. Santa Fe Drive, Littleton, Colorado 80120.

7. The fall occurred while Plaintiff was walking through the Outdoor Garden Center of the Premises during Lowe's normal operating business hours to purchase topsoil for his work.

8. Plaintiff walked into the Outdoor Garden Center of the Premise and proceeded toward the back of the Outdoor Garden Center when he slipped on ice and fell.

9. Plaintiff took a route through the Outdoor Garden Center which he believed was and ought to have been reasonably safe and was not aware of a safer route

10. Plaintiff slipped and fell on ice that had melted and re-froze from shoveled snow in the Outdoor Garden Center.

11. Plaintiff slipped and fell on ice on a retail walking surface that had not been properly maintained for icy and/or snowy conditions before his arrival to conduct business.

12. Plaintiff fell suddenly and unexpectedly such that he struck his head, left shoulder, left hip, and left knee on the ground.

13. Plaintiff was wearing rubber soled work boots at the time of his fall seen in the photograph below:



14. Defendant had not applied sand, gravel, de-icer or any other ice or snow remediation materials in the area where Plaintiff fell at the time of his fall.

15. Defendant had not placed any signs or other warning materials in the area where Plaintiff fell at the time of his fall.

16. Plaintiff was lawfully on the premises as an "invitee" as defined by the Colorado Premises Liability Act ("CPLA"), C.R.S. § 13-21-115, because he entered and remained on the Premises to transact business in which Defendant were mutually interested.

17. Upon information and belief, at all relevant times, Lowe's Home Improvement Store #2419 was a retail store owned, operated, managed, maintained, and/or otherwise where business activities are conducted by Defendant Lowe's Home Center.

18. Upon information and belief, Defendant owned, operated, managed, maintained, leased and/or otherwise conducted business activities on the Premises; therefore, Defendant was tasked with safely maintaining the Premises at the time of Plaintiff's fall.

19. As set forth herein, Defendant was a "landowner" as defined by the CPLA, C.R.S. § 13-21-115, et seq.

20. At all relevant times, Defendant was responsible for care and maintenance of the Premises.

21. At all relevant times, the Premises was for public/semi-public purposes.

22. Defendant owed a duty to Plaintiff to maintain the Premises and use reasonable care to protect against the danger on the Premises.

23. Defendant owed a duty to Plaintiff to warn him of any dangers on the Premises of which it had knowledge or should have had knowledge.

24. Defendant's failure to warn Plaintiff about the unmaintained retail walking area and/or failure to properly maintain the retail walking area before Plaintiff's arrival resulted in a dangerous and hazardous condition on the Premises that ultimately caused Plaintiff's injuries, harms, and losses.

25. The unmaintained retail walking area, which was icy and/or snowy, was a danger on the Premises.

26. Defendant possessed actual knowledge about the danger on the Premises or, in the exercise of reasonable care, should have known about the danger on the Premises.

27. Defendant failed to use reasonable care to protect against the danger on the Premises.

28. Defendant failed to use reasonable care to warn against the danger on the Premises.

29. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff sustained serious bodily injuries and permanent physical impairment.

30. Plaintiff was using reasonable care under the circumstances and was neither negligent nor contributed to his injuries, harms, or losses.

31. Plaintiff has not failed to mitigate his injuries, harms, or losses.

## FIRST CLAIM FOR RELIEF
## LANDOWNER LIABILITY PURSUANT TO THE COLORADO
## PREMISES LIABILITY ACT AGAINST DEFENDANT

32. Plaintiff incorporates the foregoing paragraphs herein.

33. At all relevant times, the provisions of C.R.S. § 13-21-115, et seq. were in effect.

34. At the time of his injuries, Plaintiff was an "invitee" as defined by C.R.S. § 13-21-115 since he was on the Premises to conduct business.

35. As the time of Plaintiff's injuries, harms, and losses, Defendant was a "landowner" of the Premises as defined by C.R.S. § 13-21-115.

36. Pursuant to the CPLA, an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers for which they have actual knowledge of or which they should have known.

37. Defendant was legally responsible for the dangerous condition on the Premises and for the activities conducted and circumstances existing at the time of Plaintiff's injuries, harms, and losses, and it or its agents and/or employees failed to exercise reasonable care to protect Plaintiff from the dangerous condition on the Premises.

38. Defendant had a duty to protect Plaintiff from dangers on the Premises that it either knew about or should have known about with the exercise of reasonable care, including the maintenance of the retail walking area.

39. Defendant had a duty to warn Plaintiff about dangers on the Premises that it either knew about or should have known about with the exercise of reasonable care, including the maintenance of the retail walking area.

40. Defendant knew or should have known that the failure to maintain the retail walking area that caused Plaintiff's injuries was a danger on the property and created an unreasonable risk of injury, damage, and loss to persons such as Plaintiff.

41. Defendant breached its duty by, among other things, failing to take reasonable steps to prevent Plaintiff from being injured or otherwise guarding against the danger that unmaintained retail walking area represented on the Premises.

42. Defendant failed to take precautions to protect Plaintiff from the dangerous condition on the Premises.

43. Defendant failed to exercise reasonable care of the Premises and failed to warn invitees of the dangerous condition of the Premises, including Plaintiff; therefore, Defendant is liable to Plaintiff for the injuries, harms, and losses caused by Defendant's failure to maintain the retail walking area.

44. As a direct and proximate cause of Defendant's actions and/or omissions, Plaintiff has suffered injuries, harms, and losses including, but not limited to: past and future physical and emotional injuries; permanent physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; past and future loss of enjoyment of life; past and future loss of quality of life; past and future lost earnings; past and future mental and emotional distress; and other economic, non-economic, permanent physical impairment, and disfigurement injuries, harms, and losses, all in amounts to be proven at trial.

## SECOND CLAIM FOR RELIEF
### NEGLIGENCE AND NEGLIGENCE *PER SE* AGAINST DEFENDANT
### (PLED IN THE ALTERNATIVE)

45. Plaintiff incorporates the foregoing paragraphs herein.

5

46. To the extent that Defendant denies it was a landowner of the Premises as defined by the CPLA at the time of Plaintiff's injuries, harms, and losses, Plaintiff asserts a negligence and negligence *per se* claim against Defendant.

47. Defendant owed a duty to exercise reasonable care to protect Plaintiff from the dangerous condition on the Premises.

48. Defendant owed a duty to conduct activities on the Premises and to maintain the Premises in a reasonable and safe manner that did not pose an unreasonable risk of danger to persons, including Plaintiff.

49. Defendant owed a duty to warn Plaintiff of any dangerous or hazardous conditions that existed on the Premises of which it had knowledge or of which it should have known.

50. Defendant breached those duties herein to Plaintiff.

51. Defendant's failure to exercise reasonable care constitutes negligence *per se* pursuant to C.R.S. § 13-21-115(3)(c)(I).

52. As a direct and proximate cause of Defendant's actions and/or omissions, Plaintiff has suffered injuries, harms, and losses including, but not limited to: past and future physical and emotional injuries; permanent physical impairment; disfigurement; past and future medical expenses; past and future pain and suffering; past and future loss of enjoyment of life; past and future loss of quality of life; past and future lost earnings; past and future mental and emotional distress; and other economic, non-economic, permanent physical impairment, and disfigurement injuries, harms, and losses, all in amounts to be proven at trial.

## **PLAINTIFF DEMANDS A TRIAL BY JURY**

WHEREFORE, Plaintiff Dave Aragon respectfully requests that this Court enter judgment in his favor and against Defendant and prays for an award of damages including:

1. For all of Plaintiff's economic, non-economic, physical impairment, and disfigurement damages, and all other injuries, harms, and losses in an amount to be proven at trial;

2. For all costs and attorney's fees to the extent permitted by Colorado law;

3. For all interest, including prejudgment interest and post-judgment interest, to the extent permitted by Colorado law; and

4. For all such other and further relief as this Court may deem just and proper.

Dated:  November 3, 2021

                                                  Respectfully submitted,

                                                  THE FRICKEY LAW FIRM, P.C.

                                                  *s/ Eric B. Ballou*
                                                  Eric B. Ballou, #40163
                                                  Attorney for Plaintiff

*Pursuant to C.R.C.P. 121 § 1-26(7), a printed copy of this document with original signature(s) is maintained by THE FRICKEY LAW FIRM, P.C., and will be made available for inspection by other parties or the Court upon request.*

<u>Plaintiff's Address</u>
Dave Aragon
1383 Laurenwood Way
Highlands Ranch, CO 80129

### **CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of November, 2021, a courtesy copy of the foregoing FIRST AMENDED COMPLAINT AND JURY DEMAND was emailed to counsel for Defendant and a true and correct copy of the foregoing was e-filed via Colorado Courts E-filing.

                                                */s/Kimberly Blaney*
                                                Kimberly Blaney, Paralegal