**INSTRUCTION NO. _____**

**2:1    DEFENDANT'S ADDITIONS**

(Plaintiff is working on amendments to their proposed 2:1 statement. The parties anticipate they will agree on this instruction and resubmit as stipulated).

Defendant Lowe's has entered a general denial of Plaintiff's claims in this matter, and more specifically, denies that it or any of its employees knew or should have known of a dangerous condition of snow or ice in the Outdoor Garden Center at the time of Plaintiff's fall, or that they failed to exercise reasonable care regarding snow and ice removal in the Outdoor Garden Center. Specifically, Lowe's disputes that there was a dangerous condition present at the Outdoor Garden Center on the date of the incident and asserts that it exercised reasonable care by conducting shoveling and ample application of ice melt. Lowe's further disputes causation for Plaintiff's claimed injuries and damages. Lowe's asserts, as legal Affirmative Defenses to Plaintiff's claims, that Plaintiff was comparatively negligent, assumed the risk of his own actions, and failed to mitigate his damages.

These are the issues you are to decide

**INSTRUCTION NO. \_\_\_\_\_**

If you find that the plaintiff, Mr. Aragon, has had actual damages, then you must consider whether the defendant Lowe's has proved its affirmative defense of plaintiff's failure to mitigate or minimize damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize his damages. Damages, if any, caused by plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.

This affirmative defense is proved if you find both of the following have been proven by a preponderance of the evidence:

1. The plaintiff failed to follow medical recommendations by his own doctors, nurses, and therapists as to addressing his injuries with conservative measures (such as physical therapy), seeking and attending medical treatment and follow up, to exercise, to lose weight, and to treat medical providers with respect and dignity.

2. The plaintiff had some increased damages, injuries, and/or losses because he did not properly follow this medical advice.

If you find that any one or more of these propositions has not been proved by a preponderance of the evidence, then you shall make no deduction from plaintiff's damages.

On the other hand, if you find that both of these propositions have been proved by a preponderance of the evidence, then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

CJI-Civ. 5:2

**INSTRUCTION NO. \_\_\_\_\_**

Plaintiff, Mr. Aragon, has the burden of proving, by a preponderance of the evidence, the nature and extent of his damages. If you find in favor of the plaintiff, you must determine the total dollar amount of plaintiff's damages, if any, that were caused by the failure to use reasonable care of the defendant, Lowe's, and the negligence, if any, of the plaintiff, Mr. Aragon.

In determining such damages, you shall consider the following:

1. Any noneconomic losses or injuries which plaintiff has had to the present time or which plaintiff will probably have in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life. In considering damages in this category, you shall not include actual damages for physical impairment, because these damages, if any, are to be included in a separate category.

2. Any economic losses or injuries which plaintiff has had to the present time or which plaintiff will probably have in the future, including: any reasonable and necessary medical and hospital expenses. In considering damages in this category, you shall not include actual damages for physical impairment, since these damages, if any, are to be included in a separate category.

3. Any physical impairment. In considering damages in this category, you shall not include damages again for losses or injuries already determined under either numbered paragraph 1 or 2 above.

CJI-Civ. 6:1

**INSTRUCTION NO. \_\_\_\_\_**

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect oneself or others from bodily injury.

Negligence may also mean assumption of risk. A person assumes the risk of injury or damage if the person voluntarily or unreasonably exposes himself to such injury or damage with knowledge or appreciation of the danger and risk involved.

CJI-Civ. 9:6

**INSTRUCTION NO. \_\_\_\_\_**

      The occurrence of an accident does not raise any presumption of negligence on the part of the plaintiff or a failure to use reasonable care on the part of the defendant.

CJI-Civ. 9:12 (modified)

**INSTRUCTION NO. \_\_\_\_\_**

To look in such a manner as to fail to see what must have been plainly visible is to look without a reasonable degree of care and is of no more effect than not to have looked at all.

CJI-Civ. 9:13

**INSTRUCTION NO. \_\_\_\_\_**

The word "cause" as used in these instructions means an act or failure to act that in natural and probable sequence produced the claimed injury. It is a cause without which the claimed injury would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each act or failure to act may have been a cause of the injury. A cause does not have to be the only cause or the last or nearest cause. It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury.

CJI-Civ. 9:20

**INSTRUCTION NO. \_\_\_\_\_**

The failure to use reasonable care, if any, of the defendant, Lowe's, is not a cause of any injuries, damages, or losses to the plaintiff, Mr. Aragon, unless injury to a person in the plaintiff's situation was a reasonably foreseeable result of that failure to use reasonable care. The specific injury need not have been foreseeable. It is enough if a reasonably careful person, under the same or similar circumstances, would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct.

CJI-Civ. 9:21 (modified)

**INSTRUCTION NO. \_\_\_\_\_**

The affirmative defense of the comparative negligence of the plaintiff, Mr. Aragon, is proved if you find all of the following:

1. The plaintiff was negligent; and

2. The negligence of the plaintiff was a cause of the plaintiff's own claimed injuries, damages, or losses.

CJI-Civ. 9:23

**INSTRUCTION NO. \_\_\_\_\_**

If you find the plaintiff, Mr. Aragon, was damaged and that the plaintiff's damages were caused by both the negligence of the plaintiff, Mr. Aragon, and the failure to use reasonable care of the defendant, Lowe's, with respect to a danger of which it knew or should have known, then you must determine to what extent the conduct of each contributed to the damages of the plaintiff, expressed as a percentage of 100 percent.

If you find that both the plaintiff was negligent and the defendant failed to use reasonable care with respect to a danger of which it knew or should have known and that the negligence of the plaintiff was equal to or greater than the failure to use reasonable care of the defendant with respect to a danger of which it knew or should have known, then the plaintiff will not be allowed to recover.

On the other hand, if you find that both the plaintiff and the defendant were at fault and that the failure to use reasonable care of the defendant with respect to a danger of which it knew or should have known was greater than the negligence of the plaintiff, then the plaintiff will be allowed to recover.

If the plaintiff is allowed to recover, the total damages you award will be reduced by the Court by the percentage of the plaintiff's negligence.

CJI-Civ. 9:26 (modified)

**INSTRUCTION NO. \_\_\_\_\_**

For the plaintiff, Mr. Aragon, to recover from the defendant, Lowe's, you must find all the following have been proved by a preponderance of the evidence:

1. The plaintiff had injuries, damages, or losses;

2. The defendant actually knew about a danger on the property or, as a person using reasonable care, should have known about it;

3. The defendant failed to use reasonable care to protect against the danger on the property; and

4. The defendant's failure was a cause of the plaintiff's injuries, damages, or losses.

If you find that any one or more of these statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these statements have been proved, then your verdict must be for the plaintiff.

If your verdict is for the Plaintiff, then you must also consider Lowe's affirmative defenses of assumption of risk, comparative negligence, and failure to mitigate damages, which are included in separate instructions.

CJI-Civ. 12:3 (modified)

**INSTRUCTION NO. \_\_\_\_\_**

      A person who takes a route when that person knows or ought reasonably to know of a safer route is negligent if a reasonably careful person would have taken the safer way under the same or similar circumstances to protect himself from bodily injury.

CJI-Civ. 12:17

**INSTRUCTION \_\_\_\_**

You are instructed to answer the following questions. You must all agree on your answers to each question for which an answer is required:

1. Did the Plaintiff, Mr. Aragon, have injuries, damages, or losses?

2. Did the Defendant actually know about a danger on the property or, as a person using reasonable care, should have known about it?

3. Did the Defendant fail to use reasonable care to protect against the danger on the property?

4. Was the failure of the Defendant to use reasonable care to protect against the danger on the property a cause of Plaintiff's injuries, damages, or losses?

If your answer to any one or more of the above four questions is "no," then your foreperson shall complete only Special Verdict Form A and he or she and all jurors will sign it.

On the other hand, if your answer to all four questions is "yes," then you shall answer these questions as well as the following questions on Special Verdict Form B, and all jurors shall sign it.

5. Was the Plaintiff, Mr. Aragon, negligent?

6. Was the Plaintiff's negligence, if any, a cause of his own claimed injuries?

If your answer to all six questions 1, 2, 3, 4, 5, and 6 is "yes," then you shall also answer the following question 7 on Special Verdict Form B. Otherwise skip question 7 and go on to question 8.

7. Taking as 100 percent the combined fault of the Defendant and the negligence of the Plaintiff that caused the Plaintiff's injuries, damages, or losses, what percentage of fault was the Defendant'' and what percentage was the Plaintiff's?

If you determine that the negligence of the Plaintiff was equal to or greater than the negligence of the Defendant, i.e., 50% or more, then skip question 8.

8. State your answers to the following questions as they appear on Special Verdict Form B relating to the Plaintiff's damages that were caused by the fault of the Defendant, whether the damages were also caused by the negligence, if any, of the Plaintiff.

   a. What is the total amount of Plaintiff's damages, if any, for noneconomic losses or injuries, excluding any damages for physical impairment or disfigurement? Noneconomic losses or injuries are those losses or injuries described in numbered paragraph 1 of Instruction No. \_\_\_. You should answer "0" if you determine there were none.
   b. What is the total amount of Plaintiff's damages, if any, for economic losses, excluding damages for physical impairment or disfigurement? Economic losses

        are those losses described in numbered paragraph 2 of Instruction No. ____. You should answer "0" if you determine there were none.

   c.   What is the total amount of Plaintiff's damages, if any, for physical impairment or disfigurement? You should answer "0" if you determine there were none.

**Colo. Jury Instr., Civil 9:26C (with minor modifications for clarity)**

INSTRUCTION NO. \_\_\_\_\_

**9:26D SPECIAL VERDICT FORMS — COMPARATIVE NEGLIGENCE OF THE PLAINTIFF — NO COUNTERCLAIM — SINGLE DEFENDANT — NO DESIGNATED NONPARTY — FORMS A AND B —MODIFIED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03213-SKC

DAVID ARAGON,

    Plaintiff,

v.

LOWE'S HOME CENTERS LLC,

    Defendant.

---

**SPECIAL VERDICT FORM A**

---

**DO NOT ANSWER THIS SPECIAL VERDICT FORM A IF YOUR FOREPERSON HAS COMPLETED AND ALL JURORS HAVE SIGNED SPECIAL VERDICT FORM B.**

    We, the jury, present our Answers to Questions submitted by the Court, to which we have all agreed:

    1. Did the plaintiff, Mr. Aragon, have injuries, damages, or losses? (Yes or No)

        ANSWER: _____

    2. Did the defendant, Lowe's, actually know about a danger on its property or, as a company using reasonable care, should have known about a danger on its property? (Yes or No)

ANSWER: _____

3. Did the Defendant, Lowe's, fail to use reasonable care to protect plaintiff from a dangerous condition on its property? (Yes or No)

ANSWER: _____

4. Was the failure of the defendant Lowe's to use reasonable care to protect plaintiff from a danger on its property, if any, a cause of any of the injuries, damages or losses claimed by the plaintiff? (Yes or No)

ANSWER: _____

We, the jury, having answered one or more of the above four questions "no," find the issues for the defendant, Lowe's, and against the Plaintiff, Mr. Aragon.

Signatures of all jurors:

_____    _____
                                                Foreperson

_____    _____

_____    _____

**INSTRUCTION NO. \_\_\_\_\_**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03213-SKC

DAVID ARAGON,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

    Defendant.

---

**SPECIAL VERDICT FORM B (MODIFIED)**

---

**DO NOT ANSWER THIS SPECIAL VERDICT FORM B IF YOUR FOREPERSON HAS COMPLETED AND ALL JURORS HAVE SIGNED SPECIAL VERDICT FORM A**

    We, the jury, present our answers to questions submitted by the court, to which we have all agreed:

    1.    Did the plaintiff, Mr. Aragon, have injuries, damages or losses? (Yes or No)

        ANSWER: _____

    2.    Did the defendant Lowe's actually know about a danger on its property or, as a company using reasonable care, should it have known about a danger on its property? (Yes or No)

        ANSWER: _____

    3.    Did the defendant, Lowe's, fail to use reasonable care to protect plaintiff from a dangerous condition on its property? (Yes or No)

        ANSWER: _____

    4.    Was the failure of the defendant Lowe's to use reasonable care to protect the plaintiff from a danger on its property, if any, a cause of any of the injuries, damages or losses claimed by the plaintiff? (Yes or No)

ANSWER: _____

5. Was the plaintiff, Mr. Aragon, negligent? (Yes or No)

ANSWER: _____

6. Was the plaintiff Mr. Aragon's negligence, if any, a cause of his own claimed injuries, damages or losses?  (Yes or No)

ANSWER: _____

Answer the following question 7 only if your answer to all six questions 1, 2, 3, 4, 5, and 6 is "yes." Otherwise, skip question 7 and go on to question 8.

7. Taking as 100 percent the combined fault of the Defendant and the negligence of the Plaintiff that caused the Plaintiff's injuries, damages, or losses, what percentage of the negligence was the Defendant'' and what percentage was the Plaintiff's?

ANSWER:

Percentage charged to Defendant: _____ %

Percentage charged to Plaintiff: _____ %

MUST TOTAL 100%

Answer the following question 8 only if you have determined that the negligence of the Plaintiff was less than that of the Defendant, i.e., under 50%.

8. State your answers to the following questions relating to the Plaintiff's damages that were caused by the fault of the Defendant, whether the damages were also caused by the negligence, if any, of the Plaintiff.

   a. What is the total amount of Plaintiff's damages, if any, for noneconomic losses or injuries, excluding any damages for physical impairment or disfigurement? Noneconomic losses or injuries are those losses or injuries described in numbered paragraph 1 of Instruction No. ____. You should answer "0" if you determine there were none.

      ANSWER: $_____

   b. What is the total amount of Plaintiff's damages, if any, for economic losses, excluding any damages for physical impairment or disfigurement? Economic losses are those losses described in numbered paragraph 2 of Instruction No. ___. You should answer "0" if you determine there were none.

      ANSWER: $_____

    c. What is the total amount of Plaintiff's damages, if any, for physical impairment or disfigurement? You should answer "0" if you determine there were none.

     ANSWER: $_____

Signatures of all jurors:

_____  _____
Foreperson


_____  _____


_____  _____


**CJI 9:26D (modified for 12:3)**

**INSTRUCTION NO. \_\_\_\_\_**

You may, but are not required to, draw an inference that video evidence from the date of the incident would have shown _____, if you find that Lowe's did not preserve relevant video evidence from the date of the incident.

If you draw this inference, you may consider it along with all the other evidence in the case in deciding whether or not _____ in the store that day. If you draw this inference, you may not consider it in determining whether or how the alleged incident occurred, or whether any injury occurred. You may only use this inference to determine whether Mr. Aragon was present in the store on the date of the incident.

*Note, Defendant disputes that any spoliation occurred or that any spoliation instruction should be given. However, Defendant understands Plaintiff will submit a spoliation instruction and requests that this instruction also be given, if and only if a spoliation instruction is provided to the jury.*

CJI-Civ. 3:5