IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:21-cv-03213-SKC

DAVID ARAGON,

    Plaintiff,

v.

LOWE'S HOME CENTERS LLC,

    Defendant.

---

**ORDER RE: MOTION TO LIMIT OR
EXCLUDE EXPERT TESTIMONY [DKT. 48]**

---

On December 6, 2019, Plaintiff was shopping at a Lowe's Home Improvement Store in Littleton, Colorado. [Dkt. 4 at ¶¶5-6.] While walking through the Garden Center, he allegedly slipped on ice and fell, suffering physical injuries. [*Id.* at ¶¶7-10.] Plaintiff contends Lowe's failed to act reasonably to protect him from the danger (the ice) in violation of the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115. [*Id.*]

In support of his claim, Plaintiff endorsed Bradley Slabaugh as an expert in commercial property management. Lowe's moves to limit or exclude Mr. Slabaugh's expert testimony under Federal Rule of Evidence 702. Having reviewed the parties' respective positions, the evidence, and the relevant law, the Court **GRANTS** Lowe's

1

Motion.

## A. FEDERAL RULE OF EVIDENCE 702

Federal Rules of Evidence 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise.

Rule 702 imposes three requirements for the admission of expert testimony, which the proponent bears the burden of establishing. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009); Fed. R. Evid. 702 advisory comm. notes. First, the expert must be qualified by specialized knowledge, skill, experience, training, or education to testify on the subject matter of his or her testimony. Second, the testimony must be based upon sufficient facts or data; the product of reliable principles and methods; and the product of the reliable application of these principles and methods to the facts of the case. *Cook v. Rockwell International Corp.*, 580 F.Supp.2d 1071, 1085-86 (D. Colo. 2006). Finally, the proffered expert testimony must be relevant to an issue in the case and thereby assist the jury in its deliberations.

The district court performs an important gatekeeping function in assuring each of these prerequisites is satisfied. *Macsenti v. Becker*, 237 F.3d 1223, 1230-34 (10th Cir. 2001). However, in discharging its gatekeeper responsibilities, the Court remains mindful that "Rule 702 mandates a liberal standard" for the admissibility of expert testimony. *Cook*, 580 F.Supp.2d at 1082. The decision to admit or exclude

expert testimony is committed to the sound discretion of the district court. *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 603 (10th Cir. 1997).

## B.   DISCUSSION

According to his report, Mr. Slabaugh would testify regarding Lowe's (1) advanced knowledge of the dangerous conditions, (2) failures to exercise reasonable care or properly inspect and mitigate the icy conditions, and (3) failure to warn Plaintiff about the dangerous icy conditions in the Garden Center. Lowe's seeks to exclude these opinions in their entirety. Plaintiff argues Mr. Slabaugh's opinions are reasonable and based on the evidence and would be helpful to the jury. For several reasons, the Court disagrees.

First, and perhaps most importantly, all of Mr. Slabaugh's opinions are legal conclusions. [Dkt. 48-1 at pp.37-44.] Whether Lowe's reasonably knew or should have known of the icy conditions, and whether it acted reasonably in mitigating and protecting against the danger, are simply factors in determining whether a landowner is liable to an invitee under the Colorado Premises Liability Act. These ultimate questions are for the jury to answer based on the evidence presented at trial. It is not appropriate for an expert to opine on these matters. *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

Second, following a thorough review of Mr. Slabaugh's report and his deposition testimony, the Court concludes his opinions are speculative. Under Rule 702, admissible expert testimony must be based on actual knowledge and not

3

subjective belief or unsupported speculation. *See, e.g., Jetcraft Corp. v. Flight Safety Int'l*, 16 F.3d 362, 366 (10th Cir. 1993) (expert testimony excluded as professional speculation); *Eastridge Dev. Co. v. Halpert Assocs., Inc.*, 853 F.2d 772, 783 (10th Cir. 1988) (expert testimony excluded as "tentative and speculative").

In his report, Slabaugh states, based on his review of various weather reports and the report of Plaintiff's meteorological expert, Lowes had "advanced notice of the December 5-6, 2019 rain/snow showers and subsequent freezing temperatures and should have taken reasonable preventative measures to mitigate foreseeably dangerous conditions." [Dkt. 48-1 at pp.37-40.]. During his deposition, however, he admitted he did not know what steps Lowe's took regarding snow and ice removal on the date of the incident. [Dkt. 48-2 at pp.14.]

Similarly, although he states it is undisputable that "the rain-soaked concrete floor of the Garden Center would have been covered in ice on the morning of December 6, 2019" [Dkt. 48-1 at p.40], he admits he doesn't know whether there was any light snow or rain on the ground, and he acknowledged he does not know what the actual weather conditions were at the Lowe's store the evening of December 5, 2019. [Dkt. 48-2 at pp.15-16.] He further admitted his conclusions regarding Lowe's failure to warn were based on Plaintiff's pictures taken three days *after* the incident, and he had no knowledge of whether Lowe's put out warning devices on December 6, 2019.

In addition to their speculative foundation and intrusion into questions

4

reserved for the jury, the Court also concludes Mr. Slabaugh's opinions are not reliable. Mr. Slabaugh testified there are no codes or industry standards governing property management and that "it's not a science, it's kind of an art." [Dkt. 48-2 at p.7.] This confesses that there are no methodologies, techniques, or approaches generally accepted by other experts in the industry supporting these opinions—or, if there are any, Mr. Slabaugh fails to identify them. These proffered opinions appear to be connected to the facts of this case "only by the ipse dixit" of Mr. Slabaugh. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Finally, the Court concludes this expert testimony is not necessary to assist the jury. As Mr. Slabaugh acknowledges, property management is not a highly specialized technical "science." At best, it seems only just outside the common experience of the public, and a lay person would surely be capable of forming judgments regarding the matters implicated in this slip-and-fall case. To be sure, as citizens of Colorado, the jurors will certainly be able to comprehend facts and evidence regarding the removal of snow and ice from sidewalks and walkways to determine whether Lowe's acted reasonably to identify and correct slippery conditions in the Garden Center. *See* Fed. R. Evid. 702 (expert testimony is admissible if it will "... assist the trier of fact to understand the evidence or determine a fact in issue....").

\*   \*   \*

For the foregoing reasons, the Court concludes Plaintiff has not met his burden of showing Mr. Slabaugh's opinions are admissible under Rule 702. Therefore, Lowe's

Motion to exclude his testimony is GRANTED.

DATED: April 6, 2023

BY THE COURT

_____

S. Kato Crews
U.S. Magistrate Judge